

**IT IS ORDERED as set forth below:**

**Date: June 27, 2024**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>BRON Media Holdings USA Corp. *et al.*,<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 23-56798-PMB<br><br>Jointly Administered |

**ORDER CLOSING CHAPTER 15 CASES AND FINAL DECREE**

THIS MATTER comes before the Court on the *Motion of Foreign Representative for Entry of a Final Decree Closing Chapter 15 Cases and Discharging Foreign Representative* (Docket No. 129) (the "Motion") filed by BRON Media Holdings USA Corp., individually and in its capacity as the Canadian Court-appointed and authorized foreign representative (the "Foreign Representative") for the above captioned Debtors[1] (the "Debtors"). In the Motion, Foreign

---

[1] The U.S. Debtors in these Chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: BRON Creative USA Corp (1363); BRON Digital USA, LLC (0276); BRON Life USA Inc. (1178); BRON Media Holdings USA Corp (0637); BRON Releasing USA Inc. (6368); BRON Studios USA Inc. (8784); BRON Ventures 1 LLC (5066); BRON Studios USA Developments Inc. (7529); Bakhorma, LLC (6944); Drunk Parents, LLC (5462); Fables Holdings USA, LLC (8085); Fables Productions USA INC. (5169); Gossamer Holdings USA, LLC (2582); Gossamer Productions USA, Inc. (7876); Harry Haft Productions, Inc. (6144);

Representative requests that the Court enter an order, pursuant to Sections 105, 350(a), 1517(d), and 1518(1) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 5009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), closing the Debtors' the above-captioned cases (these "Chapter 15 Cases").

Upon consideration of the Motion and the accompanying *Certificate of Service* regarding the Motion (Docket No. 131); and upon consideration of the Final Report[2] and the *Notice of No Objection* (Docket No. 132); and the Court having found and determined that the relief sought in the Motion is consistent with the purposes of Chapter 15 of the Bankruptcy Code; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, creditors, and all parties in interest in these Chapter 15 Cases, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore:

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334, and 11 U.S.C. §§ 109 & 1501— *et seq.*

B.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.     Foreign Representative and Debtors have consented to this Court's authority to enter a final order as to the matters addressed herein.

D.     Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

---

Heavyweight Holdings, LLC f/k/a Harry Haft Films, LLC (8193); I am Pink Productions, LLC (6681); Lucite Desk, LLC (2546); National Anthem Holdings, LLC f/k/a BCDC Holdings, LLC (6943); National Anthem ProdCo Inc. (8637); Oakland Pictures Holdings, LLC (4988); Pathway Productions, LLC (Del. Incorporation No. 3081); Robin Hood Digital PC USA Inc. (2499); Robin Hood Digital USA, LLC (4302); Solitary Holdings USA, LLC (3013); Surrounded Holdings USA LLC (8868); Welcome to Me, LLC (8500) (hereinafter collectively referred to as the "Debtors").

[2] All capitalized terms undefined herein carry the definition given to the same in the Motion.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREEED THAT:**

1. The Motion is **GRANTED**.

2. The Final Report is **APPROVED**.

3. The Chapter 15 Cases are hereby **CLOSED**, effective as of the entry of this Order. The Clerk, U.S. Bankruptcy Court, is **DIRECTED** to close the Chapter 15 Cases.

4. This Order is without prejudice to the rights of any party to seek to reopen the Chapter 15 Cases for cause pursuant to section 350(b) of the Bankruptcy Code.

5. Any orders entered by this Court in these Chapter 15 Cases shall survive the entry of this Order.

6. This Court shall retain jurisdiction with respect to its prior orders in these Chapter 15 Cases, the enforcement, amendment or implementation of this Order, and requests for any additional relief in or related to these Chapter 15 Cases.

7. A copy of this Order shall be served by Debtors' counsel within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight or first-class postage prepaid, upon the Notice Parties (as defined in the *Order (I) Scheduling Hearing on Omnibus Petition Under Chapter 15 of the Bankruptcy Code for Recognition of a Foreign Main Proceeding and for Additional Relief and Assistance Under 11 U.S.C. 105(a), 1507,a and 1521 and (II) Specifying Form and Manner of Service of Notice of Hearing* (Docket No. 16) and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

**[END OF ORDER]**

*Prepared & Presented by:*

**JONES & WALDEN LLC**

/s/ Cameron M. McCord
Cameron M. McCord
Georgia Bar No. 143065
Mark Gensburg
Georgia Bar No. 213119
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404)564-9300
cmccord@joneswalden.com
mgensburg@joneswalden.com

**Distribution List:**

Cameron M. McCord, Jones & Walden LLC, 699 Piedmont Ave, NE, Atlanta, Georgia 30308

Office of the United States Trustee, Suite 362, Richard B. Russell Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303